United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN BUSHANSKY, Derivatively on Behalf of CHEVRON CORPORATION,

    Plaintiff,

  v.

SAMUEL H ARMACOST, LINNET F. DEILY, ROBERT E. DENHAM, ROBERT J. EATON, CHUCK HAGEL, ENRIQUE HERNANDEZ, JR., FRANKLYN G. JENIFER, GEORGE L. KIRKLAND, SAM NUNN, DONALD B. RICE, KEVIN W. SHARER, CHARLES R. SHOEMATE, JOHN G. STUMPF, RONALD D. SUGAR, CARL WARE, and JOHN S. WATSON,

    Defendants,

 -and-

CHEVRON CORPORATION, a Delaware Corporation,

    Nominal Party.

No. C 12-01597 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO ABSTAIN OR STAY AND SETTING CASE MANAGEMENT CONFERENCE**

**INTRODUCTION**

In this shareholder derivative action, defendants move for a stay or dismissal pursuant to *Colorado River*, *Burford*, and *Thibodaux* abstention, in light of an earlier-filed state-court action. For the following reasons, a stay is **GRANTED**, but dismissal is now **DENIED**.

**STATEMENT**

This derivative shareholder action arises out of defendant Chevron Corporation's adoption of a forum-selection bylaw, which required that certain shareholder actions could only be litigated in the Delaware Court of Chancery. Plaintiff Stephen Bushansky filed his complaint on behalf of nominal party Chevron, against defendant Chevron and Chevron directors and board members at the time the bylaw was adopted (Compl. ¶¶ 1, 11–29).[1]

The complaint asserts six claims, all arising out of the board's adoption of the forum-selection bylaw: (1) breach of fiduciary duties, (2) aiding and abetting, (3) abuse of control, (4) waste of corporate assets, (5) indemnification, and (6) declaratory judgment. Plaintiff challenges the bylaw as conflicting with Delaware law and "federal constitutional and statutory provisions," interfering with federal and state-court jurisdiction, and improperly imposing personal jurisdiction in Delaware on shareholders. Plaintiff also contends that the bylaw was "unilaterally adopted without shareholder approval," and was "not a proper exercise of the Board's ability to enact bylaws under 8 Del. C. § 109(b) and the Company's certificate of incorporation" because it "regulates an external matter (i.e., selection of a judicial forum) and not a matter of internal corporate governance" and "purports to bind persons who are not subject to bylaw regulation under § 109, such as former stockholders" (Compl. ¶¶ 2–4).

The earlier-filed action is *Boilermakers Local 154 Ret. Fund v. Chevron Corp*, C.A. No. 7220-CS (Del. Ch. filed Feb. 6, 2012), a putative class action brought by Chevron

---

[1] The bylaw adopted on September 29, 2010, read:

> Unless the Corporation consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware shall be the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the Corporation, (ii) any action asserting a claim of breach of fiduciary duty owed by any director, officer or other employee of the Corporation to the Corporation or the Corporation's stockholders, (iii) any action asserting a claim arising pursuant to any provision of the Delaware General Corporation Law, or (iv) any action asserting a claim governed by the internal affairs doctrine. Any person or entity purchasing or otherwise acquiring any interest in shares of capital stock of the Corporation shall be deemed to have notice of and consented to the provisions of this [bylaw].

(Compl. ¶¶ 37–38). Defendants note that the bylaw was amended on March 28, 2012, to change the court to "a state or federal court located within the state of Delaware, in all case subject to the court's having personal jurisdiction over the indispensible [sic] parties named as defendants" (Br. 5).

stockholders against Chevron and its board of directors, currently pending in the Delaware Court of Chancery. It contains eight causes of action challenging the forum-selection bylaw, all of which are the same as the "nature and summary of the complaint" paragraphs in the instant action (*compare id.* at 15–29 *with* Compl. ¶¶ 1–6).[2]

The parties offer conflicting characterizations of the progress to date in the Delaware action. Plaintiff argues that it is "only at the motion to dismiss stage" while defendants state (Br. 7):

> [T]he parties in Delaware ha[ve] already conferred over a preliminary schedule, the Defendants ha[ve] answered the complaint, and initial discovery requests ha[ve] been served. . . . The Court of Chancery entered an order governing the exchange of confidential information, plaintiffs moved for certification of their proposed class, the parties responded and objected to document requests, the plaintiffs served interrogatories, and both plaintiffs and defendants have produced documents and conferred over ongoing discovery efforts.

Defendants contend that plaintiff is engaging in "copycat" litigation and forum shopping. They point to a redline comparison of the Delaware and California complaints to show that entire sections of factual allegations and arguments are identical (*see* Br. 5; Berger Decl. Exh. D). For example, paragraphs 4, 40–71, 73–100, and 102–107 in the instant complaint are verbatim or nearly verbatim repetitions of paragraphs in the Delaware complaint. Furthermore, because the Delaware action was brought by the plaintiffs "individually and as a class action, . . . on behalf of all common stockholders of Chevron," and plaintiff alleges he is stockholder of Chevron, he likely will be included in the Delaware class (Berger Decl. Exh. C ¶ 14; Compl. ¶ 11).

Plaintiff argues the instant action is distinguishable because it involves different claims, parties, and desired relief. As stated, however, plaintiff's claims herein duplicate the same factual allegations and legal issues as the Delaware action. The parties are different in that here,

---

[2] Defendants submit the declaration of David J. Berger with exhibits in support of their motion. This order takes judicial notice of exhibits C, E, and F as these are public records, the authenticity of which is capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. This order does not rely on exhibits A, B, G, H, or I, and thus, does not take notice of them. This order also does not take judicial notice of exhibit D, defendants' redline comparison of the complaints, and instead takes notice of the Delaware complaint itself (Exh. C).

3

plaintiff brings the action derivatively on behalf of nominal party Chevron against the individual defendants, while in Delaware, different named plaintiffs brought the action on behalf of a purported class of stockholders against both Chevron and the individual defendants. As to relief, both complaints seek judgment declaring that defendants breached their fiduciary duties and enjoining enforcement of the bylaw. The Delaware complaint also seeks class certification and an interpretation of the bylaw and scope of its applicability. The instant complaint differs in that it demands a jury trial and also seeks an order requiring defendants "to account for all losses/and or damages sustained by Chevron" as a result of the bylaw, "to remit to Chevron all of their salaries and other compensation received for the periods when they breached their duties," and "refrain from further violations as are alleged herein and to implement corrective measures" (Compl. at 31–32 ). While the instant complaint states that "Plaintiff seeks to recover damages . . . for Chevron against the Chevron Board," the prayer for relief appears to request only restitution, injunctive, and declaratory relief (Compl. ¶¶ 108–09).

Defendants now move for this action to be dismissed or stayed in favor of the Delaware class action. This order follows full briefing and a hearing.

## ANALYSIS

Abstention is appropriate in four general categories of actions: (1) actions involving a federal constitutional issue that might be affected or mooted by a state court determination of state law (*Pullman* abstention); (2) actions presenting questions of state law that bear on important public concerns whose "importance transcends the result in the case at bar" (*Thibodaux* abstention), including where federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern" (*Burford* abstention); (3) actions where federal jurisdiction is sought simply to stall state criminal proceedings (*Younger* abstention); or (4) actions presenting "exceptional circumstances" (*Colorado River* dismissal or stay). *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814–15 (1976).

Defendants contend that the instant action should be dismissed or stayed pursuant to any or all of the *Colorado River*, *Burford*, and *Thibodaux* doctrines. This order finds that the action

4

should be stayed under *Colorado River*, but dismissal is not yet warranted under any of the three doctrines.

### 1. *COLORADO RIVER* DISMISSAL OR STAY.

While abstention involves "considerations of proper constitutional adjudication and regard for federal-state relations," *Colorado River* recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" may warrant dismissal in "exceptional" situations. *Id.* at 817–18.

Our court of appeals has identified eight factors to be considered on a motion for *Colorado River* stay or dismissal:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).

*First*, the parties agree the initial factor does not apply here as there is no property at stake. Contrary to plaintiff's assertion that "[t]he absence of this factor weighs against abstention," our court of appeals disregards irrelevant factors. *See Nakash v. Marciano*, 882 F.2d 1411, 1415 n.6 (9th Cir. 1989).

*Second*, the parties dispute the inconvenience of the federal forum. Defendants contend this factor is "a wash" because defendants, documents, and witnesses are likely to be located throughout the country. Plaintiff argues that because Chevron is headquartered in California and California has "an interest in adjudicating matters concerning its corporate citizens," this district is more convenient than Delaware, which should weigh strongly against abstention (Opp. 12). Still, witnesses and evidence will need to be produced in Delaware regardless of whether the instant action proceeds (Br. 8 n.5). This order finds that since neither party argues that the Northern District of California is an inconvenient or inadequate forum, this factor is neutral.

5

*Third*, the threat of piecemeal litigation must rise above a "mere possibility" and present a "special concern about piecemeal litigation" in order to justify abstention. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. St. & Co. Inc.*, 656 F.3d at 979 (quotation omitted). Here, there are special concerns about piecemeal litigation because the Delaware action is slightly procedurally advanced, it contains substantially similar parties and identical underlying issues — which could possibly lead to inconsistent results, and different results could potentially affect thousands of individuals due to the class nature of the Delaware action.

Plaintiff responds that a certain level of duplication and possible conflicting results is to be tolerated, and that "this factor is neutral or weighs only slightly in favor of abstention" (Opp. 13). He cites to *Brown v. Moll*, C 09-05881 SI, 2010 WL 2898324 (N.D. Cal. July 21, 2010) (Illston, J.), as finding no special concerns of piecemeal litigation and denying stay of a derivative action similar to plaintiff's. *Brown*, however, found that "the issue of the futility of a pre-suit demand is one of Delaware, not California, law. Therefore, there is no special risk of inconsistency or any efficiency to be gained by staying this case for the [California] Superior Court's adjudication of that or any other issue." *Ibid.* Here, the issue is likewise one of Delaware state law, but the parallel proceeding is in Delaware. Furthermore, the instant action raises additional concerns about piecemeal litigation, due to the identity of the claims, the class-action nature of the parallel proceeding, and plaintiff's likely membership in the purported class. *See Krieger v. Atheros Commc'ns, Inc.*, 776 F. Supp. 2d 1053, 1062 (N.D. Cal. 2011) (Koh, J.). Thus, this order finds that this factor weighs against exercising jurisdiction here.

*Fourth*, the Delaware court assumed jurisdiction first, as the Delaware action was filed approximately two months before the instant action. Our court of appeals has held that "it is important not only to determine whether the state or the federal complaint was filed first, but also to assess how much progress has been made in the two actions." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988) (citation omitted). In Delaware, the defendants have answered the complaint, the plaintiffs have moved for class certification, the court has filed an order for the production and exchange of confidential

information, and discovery has begun. Here, a case management conference is scheduled for August 9, but this is the first substantive motion. This order finds that the Delaware action has progressed sufficiently for this factor to weigh against exercising jurisdiction.[3]

*Fifth*, whether federal law or state law provides the rule of decision on the merits weighs in favor of a stay. Although other claims are asserted, the principal claims — breach of fiduciary duties, aiding and abetting, abuse of control, waste of corporate assets, indemnification, and declaratory judgment — arise under Delaware law. Furthermore, the instant complaint was filed as a diversity action and did not assert any federal-question claims (*see* Compl. ¶ 8). Defendant is a Delaware corporation, there is a lawsuit already underway in Delaware, and judges in Delaware are more familiar with Delaware state law than judges in California. Given the high likelihood that this entire case is governed by Delaware law, there is wisdom in letting Delaware judges decide these issues. Plaintiff cites to *Galaviz v. Berg*, 763 F. Supp. 2d 1170, 1175 (N.D. Cal. 2011) (Seeborg, J.), for the proposition that "the enforceability of a purported venue requirement is a matter of federal common law." *Galaviz* is inapplicable because it considered the issue of the venue requirement on a motion to dismiss for improper venue, not on a claim challenging the validity of the venue provision.

*Sixth*, whether the state court proceedings can adequately protect the rights of the federal litigants weighs slightly in favor of a stay or dismissal. This factor is most often employed, and is most important, where there are exclusively federal claims that could not be brought as part of the state-court action. *See R.R. St. & Co. Inc.*, 656 F.3d at 981. Here, plaintiff asserts that "[t]he relief sought by the two actions is completely different" because the instant complaint seeks damages, and for "the Individual Defendants to account for all losses and/or damages sustained by Chevron in connection with the bylaw, and to remit to Chevron all of the salaries and other compensation received for the periods where they breached their fiduciary duties" (Opp. 10). These remedies, however, appear to be a superficial difference between the complaints; the plaintiff's underlying claims are identical to those the Delaware action — namely, the invalidity

---

[3] This order takes judicial notice of the docket report for the Delaware action, as it is a public record.

7

of the forum-selection bylaw — and the primary relief sought is a determination that the bylaw is unenforceable.

The Seventh Circuit considered this issue when a federal-court derivative shareholder suit was stayed in favor of a substantially similar state-court action. The two actions involved the same "central legal issues" and both "request[ed] jury trials and s[ought] to recover damages." The court held that the federal plaintiff's additional "vague request for equitable relief" was a "straw distinction" and found the two actions parallel. *Clark v. Lacy*, 376 F.3d 682, 687 (7th Cir. 2004). So too here. Plaintiff's addition of a request for damages or repayment of board members' compensation does not sufficiently distinguish his complaint from the Delaware complaint, nor does it show that the Delaware court will not adequately protect the parties' rights. This factor weighs slightly in favor of stay or dismissal.

*Seventh*, the instant action raises sufficient concerns of forum shopping to weigh in favor of abstention. Our court of appeals has held that "courts may consider the vexatious or reactive nature of either the federal or the state litigation" in an effort to avoid forum shopping — "[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *R.R. St. & Co. Inc.*, 656 F.3d at 981 (quotation omitted). Here, there are potential reasons to suspect this action is vexatious and reactive: the complaint lifts identical text from the earlier-filed Delaware action, filed here with only minor modifications to the claims and relief; defendants argue that the prior lawsuits challenging forum-selection bylaws were highly publicized and plaintiff is attempting to "pile on" to the existing litigation; and plaintiff filed this substantially similar suit rather than challenge the bylaw through the Delaware action, where he appears to already be a putative class member (*see* Br. 12; Reply Br. 10). In a similar breach-of-fiduciary-duty action brought by a shareholder against a corporate board of directors, the plaintiff's addition of a federal claim and filing of the federal action "after six nearly identical actions were filed in state court" suggested an attempt to "gain a tactical advantage from the application of federal court rules." *See McCreary v. Celera Corp.*, 11-1618 SC, 2011 WL 1399263, *5 (N.D. Cal. Apr. 13, 2011) (Conti, J.).

8

This order recognizes that plaintiff has not previously asserted these claims, and that diversity jurisdiction is intended to provide a neutral federal forum. Plaintiff is correct that "[t]he filing of any lawsuit requires a forum choice" and there may be legitimate reasons to file in California (where Chevron has its headquarters and where several individual defendants reside) or Delaware (where Chevron is incorporated) (*see* Opp. 15). Nonetheless, this order finds sufficient indications of forum shopping and vexation to weigh in favor of abstention.

*Eighth*, that the state court proceedings will resolve all issues before the federal court supports this order's finding that the actions are parallel. "[E]xact parallelism . . . it is not required. It is enough if the two proceedings are 'substantially similar.'" *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). Defendants point to the verbatim copying of the "vast majority of Bushansky's allegations, legal theories, and claims" from the Delaware complaint to show that the actions are parallel (Reply Br. 4). Plaintiff attempts to distinguish his complaint by arguing it seeks different relief and states different claims (Opp. 9–10). However, a comparison of complaint paragraphs one through six ("nature and summary of the complaint") with the Delaware causes of action shows that the instant complaint is based on all of the underlying legal issues from the Delaware complaint.

The Seventh Circuit is again persuasive authority on this point: "Just as the parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants, neither can it be dispelled by repackaging the same issue under different causes of action." *Clark*, 376 F.3d at 686–87. The court held that the "'additional' claim[s] [in the federal complaint] (abuse of control, gross mismanagement, and waste of corporate assets) [were] premised on the defendants' alleged breach of their fiduciary duties." *Id.* at 686.

Here, plaintiff's breach of fiduciary duty, aiding and abetting, abuse of control, and waste of corporate assets claims are a "repackaging" of the Delaware action's challenges to the forum-selection bylaw. As stated, the additional remedies plaintiff seeks are "straw distinctions," and taken together with the fact that his action puts forth nearly identical factual and legal issues, the actions are "substantially similar" and thus, parallel.

9

1     Plaintiff also points to the fact that this action is a derivative shareholder suit brought
2 on behalf of Chevron against members of its board and Chevron as a nominal party, while the
3 Delaware lawsuit is a class action brought by shareholders against Chevron and members of
4 its board. Plaintiff cites to two decisions for the proposition that "derivative claims brought in
5 federal court cannot be stayed in favor of a class action previously filed in state court" (Opp. 9).
6 Both were, however, instances where at least some claims were within exclusive federal
7 jurisdiction, and our court of appeals has held that exclusively federal claims may not be stayed.
8 *See Krieger v. Atheros Commc'ns, Inc.*, 776 F. Supp. 2d 1053, 1058–61 (N.D. Cal. 2011)
9 (Koh, J.) (discussing precedent). Instead, the federal claims were allowed to proceed while
10 the duplicative state-law class-action claims were stayed. Here, plaintiff does not present any
11 exclusively federal claims, so the cited decisions are inapposite.[4]

12     Although this factor cannot weigh in favor of a stay or dismissal, it also does not weigh
13 in favor of jurisdiction, because the state court proceeding will resolve the issue before the
14 federal court, namely, the validity of the forum-selection bylaw enactment. *See R.R. St. & Co.*
15 *Inc.*, 656 F.3d at 983.

16                      *         *         *

17     In sum, the first factor is irrelevant; the second, and eighth factors are neutral; and the
18 third, fourth, fifth, sixth, and seventh factors weigh against exercising jurisdiction. Elements of
19 this action raise serious concerns about duplicative and piecemeal litigation as well as forum
20 shopping. Although this order must resolve doubts as to any factor in favor of exercising

---

[4] In *McCreary*, the court stayed all of the plaintiff's claims — including the individual claim within exclusive federal jurisdiction because it was "duplicative" of the state class-action claims. *McCreary*, 2011 WL 1399263 at *4–5. Plaintiff indicates that a "separate derivative proceeding in federal court [was] not affected by stay of federal court class action in favor of previously filed class action claims pending in Delaware Chancery court" (*see* Opp. 9). While plaintiff is correct that the derivative claims in *In re Celera Corp. Derivative Litig.*, C 10-02935 JW, 2011 WL 1431692, *3 (N.D. Cal. Apr. 14, 2011) (Ware, C.J.), were not stayed in favor of the Delaware class action, that was because the defendants *did not move to stay the derivative claims*, they only moved to stay the proposed class claims. The court did not consider the question of staying the derivative claims. *McCreary* is more analogous here, and shows that derivative claims may be stayed in favor of class claims pursuant to *Colorado River*.

This order agrees with defendants that *Dubee v. P.F. Chang's China Bistro, Inc.*, C 10-01937 WHA, 2010 WL 3323808, *1–3 (N.D. Cal. Aug. 23, 2010) (Alsup, J.), is inapposite. Unlike here, *Dubee* declined to transfer a federal putative class action in favor of an individual action in another federal district.

10

jurisdiction, sufficiently "exceptional circumstances" exist to justify a stay, pending the outcome of the Delaware litigation.

Our court of appeals has held that "district courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under Colorado River." *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1138 (9th Cir. 1990). This is in order to "ensure[] that the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate." *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989) (quotation omitted). It also will "conserve court resources" and avoid the risk "mak[ing] premature and speculative legal findings about the preclusive effect of various possible state judgments in choosing between a stay and a dismissal." *Id.* at 245. For these reasons, the instant action is **STAYED** rather than dismissed.

If the Delaware action is delayed unreasonably despite diligence by plaintiff, then the stay will be lifted and plaintiff will be allowed to litigate here. If there is undue delay (not due to plaintiff) in the Delaware action, then either side may ask that the stay be lifted.

### 2. BURFORD AND THIBODAUX ABSTENTION.

Defendants also argue that the action should be dismissed or stayed under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), or *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959). Since this action will be stayed pursuant to *Colorado River*, consideration of *Burford* or *Thibodaux* abstention is premature.

### CONCLUSION

For the foregoing reasons, defendants' motion to stay is **GRANTED**, but dismissal is **DENIED**. This action shall be **STAYED** until **AUGUST 8, 2013**. This is on the promise made at the hearing by defense counsel that defendants will not object to plaintiff trying to intervene in the Delaware action. The parties shall file a status report on that day, or, if earlier, when the Delaware action is resolved. This order in *no way* is a blessing of Chevron's bylaw provision at issue, and the defense counsel should not present this order to the Delaware court as any kind of ruling on the merits.

1  The Court **SETS** a case management conference for **AUGUST 8, 2013, AT 11:00 A.M.**
2  Please file a joint case management statement at least seven days prior.

4  **IT IS SO ORDERED.**

6  Dated: August 9, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE