UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMUEL ARMACOST, et al.,<br><br>        Defendants. | Case No.  12-cv-01597-JST<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING RE: RULE 23.1(C) NOTICE**<br><br>Re: ECF No. 36 |

Before the Court is Stephen Bushansky's Notice of Voluntary Dismissal Without Prejudice, ECF No. 36, filed pursuant to Federal Rule of Civil Procedure 41(a). This securities derivative action has been stayed since August 2012, in favor of an action filed in the Delaware Court of Chancery. Boilermakers Local 154 Ret. Fund v. Chevron Corp, C.A., No. 7220-CS (Del. Ch. filed Feb. 6, 2012). No answer or motion for summary judgment has been filed.

Rule 23.1(c), to which Rule 41 dismissal requests are subject, provides: "A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise *must be given* to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c) (emphasis added). Plaintiff seeks the Court's approval, in compliance with Rule 23.1(c), but states, without citation to authority or additional explanation: "In light of the pendency of the Delaware Action, Plaintiff submits that notice pursuant to Rule 23.1(c) of the Federal Rules of Civil Procedure is not required in this action." ECF No. 36 at 2.

Generally speaking, in derivative actions, requests for voluntary dismissal, even those for dismissal without prejudice, are subject to Rule 23.1(c)'s notice requirement. See, e.g., Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1839 (3d ed.) (citing cases; discussing voluntary dismissal pursuant to Rule 23.1(c)). However, in certain circumstances, it appears it may be appropriate to

1  grant dismissal without requiring the issuance of notice to shareholders.  See, e.g., Sheinberg v. Fluor Corp., 91 F.R.D. 74, 75 (S.D.N.Y. 1981) (approving dismissal without prejudice where "no one's rights are being cut off and no potential abuses are present"); Beaver Assoc.s v. Cannon, 59 F.R.D. 508, 511 (S.D.N.Y. 1973) ("[D]ismissal of the derivative claim by order of the Court should be possible without the expense of Rule 23.1 notice, *if* no benefit is lost to the corporation and no trace of collusion is perceived.  However, if such dismissal may sacrifice an advantage to the corporation or may be predicated upon a private agreement between the parties, the protections of Rule 23.1 notice must be safeguarded."); In re Bank of Am. Mortgage Servicing S'holder Derivative Litig., No. 11-cv-2475-WHP, 2012 WL 1506271, at *5 (S.D.N.Y. Apr. 4, 2012) (setting conditions for voluntary dismissal without notice).

Plaintiff cites no authority and provides no explanation for why the circumstances of this case justify dismissal without notice.  For this reason, the Court Orders as follows:

1. Plaintiff shall file a supplemental brief regarding its request for dismissal without application of Rule 23.1(c)'s notice requirement by no later than thirty days from the date of this Order.  Plaintiff shall also address the form of notice the Court should Order, should the Court conclude that notice is required.

2. All deadlines related to Defendants' pending Motion to Certify Question of State Law to Delaware Supreme Court, ECF No. 33, are hereby stayed until further Order of the Court.  The hearing currently scheduled for March 13, 2014, is hereby vacated.

**IT IS SO ORDERED.**

Dated: February 14, 2014

_____
JON S. TIGAR
United States District Judge