UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAMUEL ARMACOST, et al.,<br><br>　　　　Defendants. | Case No.  12-cv-01597-JST<br><br>**ORDER GRANTING REQUEST TO INTERVENE AS PLAINTIFF**<br><br>Re: ECF No. 52 |

　　　　Before the Court is Alexander MacKenzie's Request to Intervene as Plaintiff in this case. ECF No. 52. MacKenzie filed his request to intervene within the window provided by the court-approved notice plan, no party has opposed the request, and the time for further requests to intervene has ended. See ECF Nos. 50, 51. The Court will GRANT the request and permit MacKenzie to intervene as Plaintiff in this action.

**I.　　BACKGROUND**

　　　　Nominal Plaintiff Stephen Bushansky originally filed this derivative shareholder action on behalf of Chevron Corporation. ECF No. 1. He challenged Chevron's Board of Directors' adoption of a forum shopping bylaw that permitted litigation of certain actions only in the Delaware Court of Chancery, allegedly irrespective of whether that court has jurisdiction over those actions, and alleged that adoption of the bylaw was in excess of the Board's authority and a violation of its fiduciary duties. Id. After the Delaware Court of Chancery dismissed the claims of plaintiffs in a parallel derivative suit, Bushansky sold his Chevron shares and moved to voluntarily dismiss this action. ECF No. 36. Bushansky asked to dismiss this case without providing the notice to shareholders that Federal Rule of Civil Procedure 23.1(c) requires. Id.

　　　　Pursuant to Rule 23.1, the Court ordered the parties to develop a plan to notify absent shareholders that Bushansky sought to dismiss the action. ECF No. 49. The parties did so and the

Court approved the proposed notice plan.  ECF Nos. 50, 51.

In response to the notice provided by the parties, MacKenzie filed a request to intervene in the action, which complied with the requirements for requesting to intervene that were included in the notice plan, and to which he attached proof of his ownership of Chevron shares.  ECF No. 52.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 24 allows parties to intervene in actions, either as of right or permissively.  The

> court *must* permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a) (emphasis added).  Alternatively, the "court *may* permit anyone to intervene who . . . (1)(B) has a claim or defense that shares with the main action a common question of law or fact."  Id., subsection (b) (emphasis added).  But, in evaluating whether to grant permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Id., subsection (b)(3).

Rule 24 also requires that potential intervenors satisfy notice and pleading requirements: "A motion to intervene must be served on the parties as provided in Rule 5.  The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Id., subsection (c).

## III.    DISCUSSION

### A.     Intervention

MacKenzie's request meets the standards for both permissive and as-of-right intervention.  First, with respect to as-of-right intervention, MacKenzie claims an interest relating to the transaction at issue in the case—he owns Chevron shares and Chevron's Board of Directors' adoption of the forum-selection bylaw is the transaction challenged in the original complaint.  ECF No. 52 at 3-4.  Moreover, disposing of the case without him could impair or impede his interest because, in filing a separate complaint, he would run the risk of facing a statute of

limitations issue.  See ECF No. 49 at 8.  Finally, existing parties do not already protect that interest, as Bushansky, having sold his Chevron shares, no longer has standing to prosecute this action.  See Fed. R. Civ. P. 23.1; In re Extreme Networks, Inc. Shareholder Derivative Litig., 573 F. Supp. 2d 1228, 1237 (N.D. Cal. 2008) (relying on Rule 23.1 to hold that where the plaintiff in a derivative action had sold his shares in the corporation subject to suit, he no longer had standing in the action, but that another shareholder could intervene "on the grounds that their rights are no longer represented.").  Accordingly, the Court finds that MacKenzie is entitled to intervene in this action.

As to permissive intervention, MacKenzie has a claim or defense that shares with the main action a common question of law or fact—i.e., whether the Board of Directors' adoption of the forum-selection bylaw violated constitutional jurisdictional requirements and/or the Board's fiduciary duties to Chevron and its shareholders.  And as to undue prejudice or delay, here, Rule 23.1 requires the Court to provide notice to absent shareholders so that they can intervene, as discussed more fully in the Court's Order Directing the Parties To Develop a Proposed Notice Plan, ECF No. 49; Rule 23.1 anticipates the delay inherent in providing notice, so that the delay is not "undue."  Further, neither party has objected to the request to intervene or otherwise asserted that allowing MacKenzie to intervene will cause undue prejudice or delay.  Accordingly, the Court finds that allowing MacKenzie to intervene will not unduly delay or prejudice adjudication of the original parties' rights.  MacKenzie's request meets the standard for permissive intervention.

### B.     Notice and Pleading Requirements

To satisfy Rule 24(c), MacKenzie was required to effect service of his request to intervene pursuant to Federal Rule of Civil Procedure 5.  Here, MacKenzie served process electronically by filing his request to intervene on the case docket, and also mailed paper copies to David J. Berger and Joseph H. Weiss, current counsel for the parties in this action.  This satisfies Rule 5.  See Fed. R. Civ. P. 5(b)(2)(C) and (b)(3) (describing permissible service by mail or a "court's transmission facilities").

Under subsection (c), MacKenzie was also required, in his request to intervene, to "state the grounds for intervention" and his request was to be "accompanied by a pleading that set[] out

the claim or defense for which intervention is sought."

MacKenzie has stated the grounds for his request to intervene. In the request, he identifies himself as "a current shareholder of at least one share and an owner of the common stock on the proxy cutoff date of the meeting at the center of th[is] case." ECF No. 52 at 1. He also notes that he filed the request to intervene in response to an "August 24, 2014 press release [that] explained that th[is] case was going to be dismissed with prejudice against the Plaintiff bringing the action." Id.

As for the requirement that a pleading be attached, Ninth Circuit precedent indicates that, where the court is aware of the grounds for intervention, the requirement need not be strictly enforced. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470 (9th Cir. 1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion.").

Here, while MacKenzie did not attach a pleading to his request to intervene, the Court finds that the original complaint was incorporated by reference into his request to intervene and thus that the Court is aware of the grounds for intervention; in fact, the Court invited intervention in this action premised on the existing complaint. The Court ordered the parties to provide express notice to shareholders to allow them to intervene, and that notice identified this case and included an explanation of the causes of action alleged in the complaint. ECF No. 50, Ex. A; ECF No. 51. The Court and the parties to this action are "adequately apprised of the grounds" for the request to intervene and the subject matter of this action.

**IV.   CONCLUSION**

For the foregoing reasons, the Court hereby approves MacKenzie's request to intervene as Plaintiff in this action.

**IT IS SO ORDERED.**

Dated:  October 16, 2014

									_____
									JON S. TIGAR
									United States District Judge