UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMUEL ARMACOST, et al.,<br><br>  Defendants. | Case No. 12-cv-01597-JST<br><br>**ORDER IN RESPONSE TO PLAINTIFF'S NOVEMBER 10, 2014 LETTER AND ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 55 |

The Court has received Plaintiff Alexander MacKenzie's letter, ECF No. 55. In the letter, Plaintiff asks whether he must file a joint case management statement, given that he is proceeding *pro se*. *Pro se* parties are subject to the same rules as any other litigant. See, e.g., Civ. L.R. 3-9 ("A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules."). Thus, ordinarily Plaintiff would be required to file a joint case management statement as ordered.

However, Plaintiff's *pro se* status presents another difficulty. This is a derivative action, and a plaintiff may not assert derivative claims *pro se*. See, e.g., Pinnavaia v. Moody-Stuart, No. C 09-03803 CW, 2009 WL 4899218, at *3 (N.D. Cal. Dec. 11, 2009); Romman ex rel. Yuhe Int'l, Inc. v. Zhentao Gao, No. 2:11-CV-01178-MMD, 2013 WL 1811972, at *1 (D. Nev. Apr. 29, 2013). As Judge Wilken explained in Pinnavia:

> The rule establishing an individual's right to represent himself or herself is provided in 28 U.S.C. § 1654. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir.2008). However, the privilege to represent oneself is personal to the litigant and does not extend to other parties or entities. Id. Thus, *pro se* plaintiffs are generally prohibited from pursuing claims on behalf of others in a representative capacity. Id. (citing many cases for this proposition). Furthermore, the substantive right to bring a shareholder's derivative suit is that of the corporation. Phillips v. Tobin, 548 F.2d 408, 411 (9th Cir.1976). Because a corporation may not appear in

court except through an attorney, likewise a representative shareholder may not appear without an attorney.  Id.

2009 WL 4899218, at *3.

Because Plaintiff cannot appear in this action unless and until he retains an attorney to represent him, the December 10, 2014 case management conference is CONTINUED to January 21, 2015 at 2:00 p.m.  A Joint Case Management Statement must be filed by January 7, 2015.

Plaintiff is further ORDERED TO SHOW CAUSE why this action should not be dismissed in light of Plaintiff's *pro se* status.  If Plaintiff retains counsel on or before January 7, 2015, he is ordered to participate in the drafting of the joint case management statement.  If Plaintiff has not retained counsel by January 7, 2015, he must instead file a response to the Order to Show Cause demonstrating that he is legally entitled to maintain this action *pro se*.  The hearing on the Court's Order to Show Cause will take place January 21, 2015 at 2:00 p.m.  If Plaintiff remains unrepresented by an attorney but does not file a written response to the Order to Show Cause by January 7, 2015, or does not appear on January 21, 2015, the case will be dismissed.

Plaintiff is advised that he can find helpful information for *pro se* litigants at http://cand.uscourts.gov/proselitigants, including the Northern District's *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*.  The handbook is also available free of charge at the Clerk's Office.

Plaintiff is also encouraged to seek the assistance of the free Legal Help Center operated by the Bar Association of San Francisco.  The Legal Help Center has locations at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California and at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California.  Assistance is provided by appointment only.  A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415-782-8982.

**IT IS SO ORDERED.**

Dated:  November 20, 2014

_____
JON S. TIGAR
United States District Judge