UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMUEL ARMACOST, et al.,<br><br>　　　　Defendants. | Case No.  12-cv-01597-JST<br><br>**ORDER DISMISSING CASE**<br>Re: ECF Nos. 56, 59 |

　　　　This action was brought in March 2012 as a shareholder derivative action.  ECF No. 1.  On February 14, 2014, the original named plaintiff in the action, Stephen Bushansky, sought to dismiss the case without prejudice, because he had sold his shares in Chevron Corporation and no longer had standing to maintain the action on Chevron's behalf.  ECF No. 36.  Because Bushansky represented multiple plaintiff-shareholders, the Court ordered the parties to provide notice of the proposed dismissal to the unnamed shareholders before dismissing the action, thereby permitting any willing shareholders to intervene as plaintiffs.  ECF No. 50.

　　　　During the notice period, Alexander R. MacKenzie sought to intervene as plaintiff.  ECF No. 52.  The Court granted MacKenzie's request to intervene.  ECF No. 53.

　　　　MacKenzie later sent the Court a letter advising that he was not represented by a lawyer.  ECF No. 55.  The Court responded by issuing an Order to Show Cause, explaining to MacKenzie that his *pro se* status prevented him from proceeding as a plaintiff in a derivative action.  See ECF No. 56 at 1 (citing Pinnavia v. Moody-Stuart, No. C 09-03803 CW, 2009 WL 4899218, at *3 (N.D. Cal. Dec. 11, 2009) ("[P]*ro se* plaintiffs are generally prohibited from pursuing claims on behalf of others in a representative capacity.  Furthermore, the substantive right to bring a shareholder's derivative suit is that of the corporation.  Because a corporation may not appear in court except through an attorney, likewise a representative shareholder may not appear without an

attorney.") (internal citations omitted)). Accordingly, the Court advised MacKenzie that he should: (1) retain counsel, (2) file a response to the Order to Show Cause demonstrating that he is legally entitled to maintain this action *pro se*, and/or (3) appear at the case management conference scheduled for January 21, 2015 at 2:00 p.m. MacKenzie was advised that if he did none of the above his case would be dismissed.

MacKenzie did not retain counsel, did not file a response to the Order to Show Cause, or appear at the January 21, 2015 case management conference. In fact, he has not taken action of any kind since the Court issued its Order to Show Cause. Because MacKenzie is unable to appear *pro se* in this action, and because no plaintiff capable of prosecuting this action has otherwise appeared or sought to intervene, this case has no plaintiff. Accordingly, the Court hereby dismisses this case without prejudice. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: January 22, 2015

_____
JON S. TIGAR
United States District Judge